UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60159-CIV-ROSENBAUM/WHITE

BYRON LOWERY,

        Plaintiff,

v.

RICK SCOTT, Governor of Florida,

        Defendant.

_____/

## ORDER GRANTING MOTION TO ACCEPT OUT-OF-TIME OBJECTIONS; ORDER CONFIRMING DISMISSAL

This matter is before the Court upon *pro se* Petitioner's Motion to Accept Out of Time Objections to the Magistrate's Report [D.E. 12] and Petitioner's Objections to Report of the Magistrate Court [D.E. 12-1]. Having reviewed Petitioner's Motion, the attached Objections, and the case file, the Court grants Petitioner's Motion, but after consideration of Petitioner's Objections, the Court confirms its prior dismissal of the case.

**I. Petitioner's Motion to Accept Objections**

*Pro se* Petitioner Byron Lowery filed a petition for habeas corpus [D.E. 1], pursuant to 28 U.S.C. § 2254, on October 9, 2012. Lowery's petition was referred to the Honorable Patrick A. White for a Report and Recommendation on any dispositive matters. *See* D.E. 8. On January 30, 2013, Judge White issued a Report and Recommendation recommending that this case be dismissed because Petitioner has failed to receive authorization from the Eleventh Circuit Court of Appeals to file his successive habeas petition, as required by 28 U.S.C. § 2244(b)(3)(A). *See* D.E. 9. The Report and Recommendation advised Plaintiff that "[o]bjections to this Report may be filed with the

District Judge within fourteen days following receipt." D.E. 9 at 4.  When no objections were received by February 26, 2013, the Court adopted Judge White's Report and Recommendation and closed the case.  D.E. 10.

On March 1, 2013, Lowery filed the instant Motion seeking to file his objections to Judge White's report despite the expiration of the period to file them.  D.E. 12.  Lowery asserts that due to a clerical error, the Report and Recommendation was sent to the wrong address and, consequently, he did not receive the report until after the objections period had expired.

Because it appears the report was sent to an incorrect address through no fault of Lowery's, the Court **GRANTS** his Motion to Accept Out of Time Objections to the Magistrate's Report [D.E. 12].  The Court will consider Lowery's objections below.

## II. Petitioner's Objections to the Report and Recommendation

Lowery offers two objections to the Magistrate Judge's report.  First, Lowery contends that his petition should not be considered as a habeas corpus petition but, rather, as a petition for writ of error coram nobis.  D.E. 12-1 at 2.  Second, Lowery asserts that even if his petition is considered as a successive petition for habeas corpus, dismissal is inappropriate.  Instead, Lowery suggests that the Court should transfer his case to the Eleventh Circuit to obtain the necessary authorization required under 28 U.S.C. § 2244(b)(3)(A).  The Court will address each objection in turn.

### A. Coram Nobis

At the outset, Petitioner's contention that his petition should not be treated as one for habeas corpus is belied by the text of the petition itself which is characterized throughout as a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Nevertheless, if Lowery's petition were considered one for a writ of error coram nobis, this Court would lack jurisdiction to entertain it.  *See Young v.*

*Warden, FCC Coleman*, No. 11-15489, 2013 WL 530596, at *2 (11th Cir. Feb. 13, 2013) (citing *Theriault v. Mississippi*, 390 F.2d 657, 657 (5th Cir. 1968) (explaining that federal-court coram nobis is unavailable to challenge state-court convictions). Because Lowery challenges his conviction in Florida state court, any petition for writ of error coram nobis in this Court must be dismissed.

B. Transfer of Successive Petitions

Lowery argues that even if his petition is viewed as a successive habeas petition, dismissal is not warranted and the Court should instead transfer his case to the Eleventh Circuit for authorization under 28 U.S.C. § 2244(b)(3)(A). D.E. 12-1 at 3. To support his proposition, Lowery cites to *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996), in which the Second Circuit announced a circuit-wide procedure requiring district courts to transfer improperly filed successive petitions to the appellate court rather than dismiss them.

While the Eleventh Circuit has suggested that successive petitions may be transferred if the interests of justice so dictate, it has not required district courts to automatically do so, particularly when the successive petition would be barred. *See Guenther v. Holt*, 173 F.3d 1328, 1330-32 (11th Cir. 1999). Similarly, other courts in this circuit have opted for dismissal instead of transfer when, on its face, the petition must obviously be dismissed under 28 U.S.C. § 2244. *See, e.g.*, *Williams v. Eaves*, No. CV-512-117, 2012 WL 6626142 (S.D. Ga. Nov. 26, 2012). Section 2244 provides, in relevant part, that

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> . . .

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

The only potentially legitimate[1] factual predicate Lowery has provided for his claim is that the charging information referred to Lowery's weapon as a "brick" but at trial, the prosecutor and witnesses referred to the weapon as a "rock." *See* D.E. 1 at 4. However, since this discrepancy occurred during Lowery's trial, the Court can find no reason why Lowery could not have "discovered" it previously and included it in his earlier petition(s). Accordingly, Lowery's petition must be dismissed under 28 U.S.C. § 2244.

Neither objection raised by Lowery would require the Court to reconsider its dismissal of his Petition. Accordingly, the case remains closed.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 5th day of March 2013.

               */s/ Robin S. Rosenbaum*
               ROBIN S. ROSENBAUM
               UNITED STATES DISTRICT JUDGE

Copies furnished to:
The Honorable Patrick A. White

---

[1] Lowery also raises several patently frivolous arguments about his status as a "sovereign citizen" and the authority of the state attorney that the Court need not address. *See, e.g.*, *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (describing "sovereign citizen" arguments as "shop worn" and "frivolous").

4

Counsel of record

Byron Lowery, *pro se*
652490
Everglades Correctional Institution
1599 SW 187th Avenue
Miami, FL 33194