UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60159-CIV-ROSENBAUM/WHITE

BYRON LOWERY,

       Plaintiff,

v.

RICK SCOTT, Governor of Florida,

       Defendant.
_____/

**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY**

This matter is before the Court upon *pro se* Petitioner's Motion for Certificate of Appealability [D.E. 15]. Having reviewed Petitioner's Motion and the case file, the Court denies Petitioner's Motion for the reasons set forth below.

**I. Procedural Background**

*Pro se* Petitioner Byron Lowery filed a petition for habeas corpus [D.E. 1], pursuant to 28 U.S.C. § 2254, on October 9, 2012. Lowery's petition was referred to the Honorable Patrick A. White for a Report and Recommendation on any dispositive matters. *See* D.E. 8. On January 30, 2013, Judge White issued a Report and Recommendation recommending that this case be dismissed because Petitioner has failed to receive authorization from the Eleventh Circuit Court of Appeals to file his successive habeas petition, as required by 28 U.S.C. § 2244(b)(3)(A). *See* D.E. 9. The Report and Recommendation advised Plaintiff that "[o]bjections to this Report may be filed with the District Judge within fourteen days following receipt." D.E. 9 at 4. When no objections were

received by February 26, 2013, the Court adopted Judge White's Report and Recommendation and closed the case. D.E. 10.

On March 1, 2013, Lowery filed a motion seeking to file his objections to Judge White's report despite the expiration of the period to file them. D.E. 12. The Court granted Lowery's motion to file the late objections, but, after consideration of those objections, the Court ratified its earlier dismissal of Lowery's Petition on the procedural grounds that he had not sought leave to file a successive habeas petition. D.E. 13. Additionally, the Court rejected Lowery's contention that, despite his failure to obtain permission to file his successive petition, the Court was required to transfer his case to the appellate court rather than dismiss it. *Id.*

Subsequently, Lowery filed the instant motion seeking a certificate of appealability under 28 U.S.C. § 2253. Lowery offers three justifications for the certificate: (1) that the Court erred in not giving him a hearing on petition and his actual innocence claims; (2) that a habeas petition based on a claim of actual innocence cannot be dismissed on procedural grounds; and (3) that the Court erred in not transferring his claim to the Eleventh Circuit instead of dismissing it.

**II. Analysis**

The Supreme Court has set forth the standard to be used when deciding whether to issue a certificate of appealability when a prisoner's petition is denied on procedural grounds:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

2

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This inquiry has two parts, requiring that a prisoner make an adequate showing regarding his underlying constitutional claim as well as on the debatability Court's procedural ruling.  Lowery's Motion fails because his petition has failed to make a "substantial showing of the denial of a constitutional right."  *Id.* at 483-84.

Lowery claims actual innocence as the basis for seeking habeas relief.  However, to set forth a claim of actual innocence that overcomes any procedural default by the prisoner, a petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  To support a constitutional claim, a petitioner must point to "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.  In the habeas context, however, "actual innocence means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted).

Lowery makes six arguments as to why he is "actually innocent" of the crime of which he was convicted, none of which involve "new reliable evidence" or demonstrate Lowery's factual innocence.  First, Lowery argues that he is a "sovereign American . . . who is exempt from the law." D.E. 1 at 6.  This is a patently frivolous argument and, in any event, is not new evidence and does not demonstrate that Lowery did not commit a crime.  Second, Lowery argues that the Uniform Commercial Code provides that the method under which Lowery was charged with his crime only permits him to be fined a sum of money rather than sentenced to prison.  *Id.* at 7.  Again, this is a

patently frivolous argument, is not new evidence, and does not demonstrate that Lowery is factually innocent.

Third, Lowery asserts that the information charging him was signed by an "imposter" and, therefore, null and void. *Id.* at 4, 7. Even if the Court were to assume Lowery has discovered new evidence suggesting the charging information had been signed by an "imposter," that argument goes, if anywhere, to legal sufficiency, not Lowery's factual innocence.

Fourth, Lowery contends that the charging information alleged the weapon he used was a "brick" but that the witnesses at trial testified the weapon was a "rock." *Id.* at 4, 8. Since it is based on testimony at trial, this is not, by any definition, "new evidence," and does not support Lowery's factual innocence. Fifth, relatedly, Lowery argues that neither a brick nor a rock qualifies as a "weapon" under Florida law and that neither can actually be used as a weapon. *Id.* at 4, 9. Setting aside Lowery's patently frivolous argument that neither a brick nor a rock is capable of causing death or inflicting serious bodily harm, *id.* at 4; *see also Williams v. State*, 651 So. 2d 1242, 1243 (Fla. 2d DCA 1995), this is a legal argument, not new evidence.

Finally, Lowery contends that his sentence was unlawfully enhanced based on a prior conviction that was obtained in violation of the Fifth Amendment to the United States Constitution. D.E. 1 at 9. Again, this is a legal argument challenging his sentence and does not provide new evidence targeting his guilt in the underlying proceeding.

Lowery's petition sets forth no new reliable evidence that could support a finding of actual innocence and, consequently, that his conviction violated the Constitution. Because Lowery has not made a substantial showing that he has been denied a constitutional right, he is not entitled to a

certificate of appealability.  *Slack*, 529 U.S. at 484-85.  Accordingly, it is **ORDERED and ADJUDGED** that Petitioner's Motion for Certificate of Appealability [D.E. 15] is **DENIED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 1st day of April 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies furnished to:
The Honorable Patrick A. White

Counsel of record

Byron Lowery, *pro se*
652490
Everglades Correctional Institution
1599 SW 187th Avenue
Miami, FL 33194